## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **LORI POPWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action File No.:** |
| | ) | |
| **REGIONS FINANCIAL** | ) | |
| **CORPORATION,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff **Lori Popwell** brings this complaint for relief and damages against Defendant **Regions Financial Corporation** based on the following factual allegations and causes of action.

## NATURE OF THE ACTION

1.     This action to correct unlawful employment practices by **Regions Financial Corporation** ("Regions" or "Defendant"), arises under the retaliation and failure to accommodate provisions of the Americans with Disability Act of 1990, as amended, 42 U.S.C.A. § 12101, *et. seq.* ("ADA").

2.     Plaintiff Lori Popwell ("Ms. Popwell" or "Plaintiff") alleges that Regions unlawfully created a hostile work environment by retaliating against her for engaging in protected activity under the ADA by (1) requesting medical leave for

medical treatment related to her disability and its symptoms and (2) by lodging a complaint with human resources ("HR") that her supervisor wrote her up for taking medical leave to receive treatment for her disability. Ms. Popwell also alleges that Defendant frequently failed to accommodate her requests for medical leave and a transfer to another bank branch. After her complaint to HR, Ms. Popwell went on extended medical leave, and while on leave, Regions posted and filled her position, telling her that she needed to apply for other positions with the company. Ms. Popwell applied to numerous open positions she was qualified for but was denied for each open position.

3.    To address Regions' failure to accommodate and retaliatory conduct, Ms. Popwell seeks economic damages of back pay, front pay, lost benefits; compensatory damages for emotional distress and mental anguish; as well as her attorneys' fees and costs of litigation.

## THE PARTIES

4.    Ms. Popwell at all times relevant to this complaint was employed by Regions in Montgomery, Alabama.

5.    Regions is a financial banking company headquartered in Birmingham, Alabama.

## PERSONAL JURISDICTION

6.    Regions is subject to service at the location of its registered agent, Corporation Service Company Inc, 641 South Lawrence Street, Montgomery,

Alabama, 36104.

## SUBJECT-MATTER JURISDICTION AND VENUE

7.    Jurisdiction of this court is invoked pursuant to 28 U.S.C.A. §§ 1331 and 1343.

8.    Venue is proper in this district and division under 28 U.S.C.A. § 1391(b)(1)-(2), as Defendant resides in and conducts business in this district and division and the acts or omissions giving rise to the claim occurred in the same venue.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.    Ms. Popwell filed a charge of discrimination against Regions with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 420-2025–05129.

10.    Ms. Popwell received a right-to-sue letter on November 26, 2025.

11.    Ms. Popwell timely files her ADA claim.

## FACTUAL ALLEGATIONS

12.    Regions is a financial banking institution that provides, among others, business and personal banking services.

13.    Ms. Popwell was a hired by Regions on or about October 28, 2024, as a Relationship Banker II in one of its Montgomery, Alabama branches.

14.    Ms. Popwell was a good employee and performed her job in a satisfactory manner.

15. Ms. Popwell suffered a life-threatening bacterial infection resulting in necrotizing fasciitis, with symptoms that included severe skin reactions and extreme pain.

16. Ms. Popwell suffered debilitating symptoms as a result of this life-threatening condition, which affected the proper functioning of her integumentary system (the body's largest organ) and her ability to work, sleep, and care for herself.

17. The intense pain, swelling, and significant skin discoloration resulting from the infection and necrotized skin ultimately caused Ms. Popwell to suffer anxiety and depression.

15. The manager at Ms. Popwell's branch, Chelcia Rhymes, knew about Ms. Popwell's condition and her need to attend frequent medical appointments for treatment.

16. Nevertheless, Ms. Rhymes subjected Ms. Popwell to continuous harassment related to her need to receive medical treatment, including denying her requests for time off to seek medical treatment and writing her up for missing work to attend medical appointments, even after HR approved Ms. Popwell's absence(s).

17. One of the tasks Ms. Rhymes expected Ms. Popwell to perform was greeting clients or customers in the open lobby of the branch. This was not an essential function of Ms. Powell's job.

18.    However, due to her significant skin swelling and discoloration from necrosis, Ms. Popwell asked Ms. Rhymes multiple times if she could instead meet clients in her office rather than in the lobby.

19.    Ms. Rhymes repeatedly refused Ms. Popwell's requests, despite Ms. Popwell's ability to adequately perform her job without meeting clients or customers in the open lobby.

20.    Given her visibly irritated and necrotized skin, being required to greet customers and clients in the open lobby significantly triggered Ms. Popwell's anxiety and depression and further caused her intense humiliation.

21.    Ms. Rhymes displayed a complete lack of regard for how performing that non-essential, public-facing task exacerbated Ms. Popwell's anxiety and depression.

22.    Ms. Popwell suggested alternatives to her personally having to meet clients and customers in the open lobby, but Ms. Rhymes rejected all potential solutions.

23.    Ms. Rhymes' hostile treatment towards Ms. Popwell intensified, with Ms. Rhymes interrogating Ms. Popwell about her condition and related absences from work and scrutinizing her need for medical leave.

24.    Eventually, Ms. Rhymes told Ms. Popwell that if she cannot greet clients in the lobby, she does not need to work there, which only added to Ms. Popwell's severe psychological distress.

25.     In early July 2025, Ms. Popwell complained to HR that Ms. Rhymes was bullying and harassing her for requesting and taking medical leave, as well as refusing to allow her to meet clients in her office, denying her medical leave requests, and writing her up for absences related to receiving medical treatment.

26.     Ms. Popwell took extended medical leave beginning on or about July 10, 2025, with a return-to-work date in early October 2025.

27.     While on medical leave, Ms. Popwell contacted HR to request a transfer to another bank branch. Her request was denied.

28.     Subsequently, in September 2025, while she was still on medical leave, Regions informed Ms. Popwell that her position had been filled and that she must reapply for other positions within the company.

29.     Ms. Popwell applied to over twenty jobs within the company that she was qualified for; she was turned down for each job to which she applied.

30.     Branch managers at Regions have input on their employees transferring to other branches, and, upon information and belief, Ms. Rhymes blocked Ms. Popwell from obtaining positions she applied for outside of her branch.

## CAUSES OF ACTION

## COUNT I

**(Retaliatory hostile work environment in violation of
the ADA, 42 U.S.C.A. § 12101, *et. seq*.)**

31.    Plaintiff incorporates by reference the preceding paragraphs of this complaint as though set forth fully and separately herein.

32.    At all times relevant to this cause of action, Defendant was subject to the requirements of the ADA.

33.    At all times relevant to this cause of action, Plaintiff was an individual with a disability that substantially limited one or more major life activities as defined by the ADA.

34.    Plaintiff engaged in protected activity under the ADA by requesting medical leave for medical treatment of her disability.

35.    Plaintiff further engaged in protected activity under the ADA by complaining to HR that her branch manager was denying her medical leave, harassing her for requesting and taking medical leave, and bullying her in a hostile manner based on her disability.

36.    The harassment Plaintiff experienced was severe or pervasive enough to alter the terms and conditions of her employment and created a disability-based discriminatorily abusive working environment.

37.    As a result of Regions' willful and intentional discriminatory conduct, Plaintiff lost compensation and other benefits of employment, and suffered emotional distress, humiliation, embarrassment and mental anguish.

## COUNT II

**(Failure to Accommodate in violation of the ADA, 42 U.S.C.A. § 12101, *et. seq*.)**

38.     Plaintiff incorporates by reference the preceding paragraphs of this complaint as though set forth fully and separately herein.

39.     At all times relevant to this cause of action, Defendant was subject to the requirements of the ADA.

40.     At all times relevant to this cause of action, Plaintiff was an individual with a disability that substantially limited one or more major life activities as defined by the ADA.

41.     At all times relevant to this cause of action, Plaintiff was a qualified individual under the ADA, as defined by 42 U.S.C.A. §12111(8), in that she was able to perform essential functions of her job, with or without reasonable accommodation.

42.     Defendant was aware of Plaintiff's disability and need for reasonable accommodations, including medical leave.

43.     Plaintiff sought reasonable accommodations from Regions in the form of periodic medical leave to receive treatment for her disability that was frequently denied by her branch manager. Plaintiff also requested a transfer to another bank branch.

44.     Defendant did not accommodate Plaintiff and instead filled her position while she was on medical leave. Defendant further directed Plaintiff to reapply for

other positions at another branch. Plaintiff's applications to all other jobs within the company were denied.

45.    Defendant's failure to provide reasonable accommodation for Plaintiff's disability was in violation of the ADA.

46.    As a result of Defendant's willful and intentional discriminatory conduct, Plaintiff lost compensation and other benefits of employment, and suffered emotional distress, humiliation, embarrassment and mental anguish.

## PRAYER FOR RELIEF

Wherefore, based on the above-stated claims, Plaintiff demands a trial by jury and that the following relief be granted:

A. Back pay, front pay, and lost benefits.

B. Compensatory damages to the extent allowed by law under the ADA.

C. Attorneys' fees and costs of litigation.

D. Pre-judgment and post-judgment interest at the highest lawful rate.

E. Such other equitable and monetary relief as the court deems just and proper.

F. A declaratory judgment that Defendant's actions violated Plaintiff's statutory rights and that Defendant shall refrain from future unlawful discriminatory and retaliatory conduct in its employment practices.

Respectfully submitted the 24th day of February, 2026.

**HKM Employment Attorneys LLP**

*s/Artur Davis*
Artur Davis
ASB-3672-D56A
2024 3rd Ave. North, Suite 212
Birmingham, AL 35203
Direct: 205-881-0935
adavis@hkm.com

Jerilyn E. Gardner[1]
Georgia Bar No. 139779
3344 Peachtree Rd. NE, Suite 800
Office #35
Atlanta, GA 30326
Direct: 404-446-9544
jgardner@hkm.com

**Counsel for Plaintiff**

---

[1] Jerilyn E. Gardner will promptly file for admission *pro hac vice* as an attorney of record in this action. Ms. Gardner is licensed in the state of Georgia.